UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Astrid A. Sundwall,           :
    Plaintiff,           :
                             :
v.                          :       Case No. 3:05cv816 (JBA)
                             :
Charles F. Basil and        :
Reiner, Reiner & Bendett, P.C.,  :
    Defendants.          :

**RULING ON DEFENDANTS' MOTION TO DISMISS [Doc. # 18]**

Plaintiff Astrid A. Sundwall filed this action asserting unfair debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and Conn. Gen. Stat. § 36a-646, deprivation of constitutional rights, and state common law claims for abuse of legal process, breach of the covenant of good faith and fair dealing, and negligence. Complaint [Doc. # 1].[1]  Defendants move to dismiss on the basis that plaintiff's claims are barred by res judicata, applicable statutes of limitation, and the Rooker-Feldman doctrine.  See Def. Motion [Doc. # 18].  Plaintiff has not responded to defendants' motion other than to advise that she suffered an injury on September 15, 2005 and is "unable to handle pending legal matters."  See [Docs. # 24, 26-28].  Plaintiff's last such

---

[1] As described in more detail below, this action is one of many brought in this District by this plaintiff against these defendants.  Magistrate Judge Garfinkel has characterized the procedural backdrop to one such case as "an odyssey of state and federal court litigation."  See Sundwall v. Basil, 00cv905 (AVC) [Doc. # 31] (D. Conn. Dec. 14, 2001) at 3.

communication was filed on June 7, 2006, more than 8 months after the filing of defendants' motion.  See [Doc. # 29].  Because defendants' arguments merit dismissal on their face, the Court sees no basis for opposition and for the reasons that follow, defendants' motion will be granted.

## I.   Factual and Procedural Background

As described in defendants' motion and the attachments thereto consisting of various rulings by other judges in this District, plaintiff has initiated numerous lawsuits, including this one, against defendants relating to a contract between plaintiff and a general contractor to build her a house and garage.  After plaintiff ordered the general contractor to stop work, the materials supplier, General Building Supply ("GBS") sought to foreclose on a mechanic's lien on plaintiff's property. Defendants, acting on behalf of GBS, instituted a foreclosure action against plaintiff.  In his November 30, 2001 Recommended Ruling, which was later approved and adopted by Judge Covello, Magistrate Judge William Garfinkel detailed the twelve federal cases that, as of that time, plaintiff had filed in this District.  See 3:00cv905, Doc. # 31 (Def. Mem. Ex. B) at 4-5. Defendants represent in their brief that plaintiff has since filed two additional federal suits.  Def. Mem. [Doc. # 19] at 2.

All of the claims asserted by plaintiff here were asserted by her in the 00cv905 case before Judge Covello and Magistrate

2

Judge Garfinkel, and were ultimately dismissed on <u>res judicata</u> and statute of limitations grounds, with the Court declining to exercise supplemental jurisdiction over plaintiff's state law claims.  <u>See</u> 3:00cv905, Doc. # 31 (Def. Mem. Ex. B) at  6 (detailing claims brought), 7-9 (dismissing plaintiff's claims). Additionally, the dismissal by Judge Nevas on <u>res judicata</u> grounds of another of plaintiff's suits against defendant Reiner, Reiner & Bendett (then Reiner & Reiner), asserting claims under the FDCPA, the Connecticut Unfair Trade Practices Act, the Fourteenth Amendment, and violations of Connecticut trespass law, was affirmed by the Second Circuit.  <u>See</u> <u>Sundwall v. Reiner & Reiner</u>, 141 F.3d 1152, 1998 WL 59102 (2d Cir. 1998) (unpublished).

## II.  Standard

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the pleader. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Allen v. Westpoint-Pepperell, Inc.</u>, 945 F.2d 40, 44 (2d Cir. 1991).  A "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) (footnote omitted); <u>Jahgory v. N.Y. State Dep't of Educ.</u>, 131 F.3d 326, 329

(2d Cir. 1997).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III. Discussion

### A.   Fair Debt Collection Practices Act Claim (Count I)

Plaintiff's FDCPA claim is subject to dismissal on statute of limitations grounds.  15 U.S.C. § 1692k(d) provides a one year statute of limitation from the date on which the violation occurs.  As defendants note, and notwithstanding plaintiff's allegations of "New Violations of Federal and State Law," see Complaint Pt. V, plaintiff's FDCPA claim arises out of the original state foreclosure action which was initiated more than a decade prior to the filing of this lawsuit in May 2005.  See Complaint Count ¶¶ 6-10; see also Sundwall v. Basil, 00cv905 (ACV), Doc. # 31, at 8; Sundwall v. Basil, 96cv2590 (WIG), Doc. # 194, at 9-11.  Accordingly, this claim is time barred.

### B.   Constitutional Claim (Count V)

Plaintiff's constitutional claim must also be dismissed for failure to name any state actor as a defendant.  See Pitchell v. Callan, 13 F.3d 545, 527 (2d Cir. 1994) ("In order to maintain a section 1983 action, two essential elements must be present: (1)

the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.").

> C.   State Law Claims (Counts II-IV, VI)

Because plaintiff's FDCPA claim is time barred and her constitutional claim must be dismissed for failure to allege that the violation was committed by a defendant acting under color of state law, dismissal of all remaining claims is appropriate due to lack of jurisdiction, all federal claims having been dismissed and the Court declining to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) over the state law claims (Counts II-IV, VI).  See Tops Markets, Inc. v. Quality Markets, Inc., 142 F.3d 90, 103 (2d Cir. 1998) ("28 U.S.C. § 1367(c)(3) . . . permits a district court, in its discretion, to decline to exercise supplemental jurisdiction over state law claims if it has dismissed all federal claims.  The Supreme Court, in Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988), announced that when all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims and dismissing them without prejudice.").

5

D.   Res Judicata

The Court notes that plaintiff's complaint is also subject
to dismissal on <u>res judicata</u> grounds.  28 U.S.C. § 1738 provides
that State judicial proceedings "shall have the same full faith
and credit in every court within the United States . . . as they
have by law or usage in the courts of such State . . . from which
they are taken."  As noted by the Second Circuit, the Supreme
Court "has held that § 1738 'requires a federal court to look
first to state preclusion law in determining the preclusive
effects of a state court judgment.'" <u>Sundwall v. Reiner & Reiner</u>,
141 F.3d 1152, 1998 WL 59102, at *2 (quoting <u>Marrese v. Am.</u>
<u>Academy of Orthopaedic Surgeons</u>, 470 U.S. 373, 381 (1985)).
"Connecticut law provides that 'a former judgment serves as an
absolute bar to a subsequent action involving any claims relating
to such causes of action which were actually made or which might
have been made.'"  <u>Id.</u> (quoting <u>Conn. Water Co. v. Beausoleil</u>,
204 Conn. 38, 43 (1987)).  Additionally, Connecticut has "adopted
a transactional test as a guide to determining whether an action
involves the same claim as an earlier action so as to trigger
operation of the doctrine of res judicata." <u>Delahunty v. Mass.</u>
<u>Mut. Life Ins. Co.</u>, 236 Conn. 582, 590 (1996).  Thus:

> [T]he claim [that is] extinguished [by the judgment in
> the first action] includes all rights of the plaintiff
> to remedies against the defendant with respect to all
> or any part of the transaction, or series of connected
> transactions, out of which the action arose. What
> factual grouping constitutes a 'transaction,' and what

> groupings constitute a 'series,' are to be determined
> pragmatically, giving weight to such considerations as
> whether the facts are related in time, space, origin,
> or motivation, whether they form a convenient trial
> unit, and whether their treatment as a unit conforms to
> the parties' expectations or business understanding or
> usage.

Id. (internal citations omitted).

As described by the Second Circuit in reviewing Judge Nevas'
dismissal on res judicata grounds of one of plaintiff's similar
actions, "[i]n April 1995, [plaintiff] filed a pro se complaint
in the Superior Court of Connecticut against the law firm of
Reiner & Reiner, Michael Reiner, Esq., and Warren Katz, a realtor
and licensed appraiser, for violations of state trespass law and
the Connecticut Unfair Trade Practices Act. . . . Thereafter, she
amended her complaint to include federal claims based on the
federal Fair Debt Collection Practices Act . . . , and the
Fourteenth Amendment to the United States Constitution."
Sundwall, 141 F.3d 1152, 1998 WL 59102, at *1.  These claims
arose out of "Reiner & Reiner's attempts to collect a debt that
Sundwall allegedly owed to one of its clients [GBS]."  Id.  On
February 26, 1996, Judge Aurigemma of the Superior Court of
Connecticut dismissed Sundwall's complaint with prejudice.  The
Second Circuit thus affirmed Judge Nevas's dismissal of the
"largely identical" federal court case on res judicata grounds.

As discussed above, other courts in this District have
dismissed on res judicata grounds similar actions brought by

plaintiff arising out of this same set of facts.  In addition to
the case before Judge Nevas, in his Recommended Ruling (approved
by Judge Covello) in the 00cv905 case, Magistrate Judge Garfinkel
dismissed plaintiff's claims for, <u>inter alia</u>, FDCPA violations,
violations of Conn. Gen. Stat. § 36a-646, breach of the
obligation of good faith and fair dealing, violations of
plaintiff's constitutional rights, abuse of legal process, and
negligence arising from the same factual situation.  <u>See</u> <u>Sundwall
v. Basil</u>, 00cv905, Doc. # 31 (D. Conn. Dec. 14, 2001).
Magistrate Judge Garfinkel noted "[a]ll of the state and federal
court litigation share a common nucleus of operative fact that
involve [GBS's] efforts to foreclose on its mechanic's lien,
Clark [the general contractor] and Sundwall's cross allegations
of breach of contract and Sundwall's law suits against attorneys
for representing clients in their attempts to recoup alleged
debts and damages."  <u>Id</u>. at 3.

Against this backdrop, the Court applies Connecticut's
"transactional" <u>res judicata</u> test and determines that plaintiff's
claims here (which are literally identical to those asserted in
the federal action described above, and are the same as some of
the claims asserted in the state court action) all arise out of
the same series of transactions as did plaintiff's claims in
state court – that is, the efforts by defendant Basil and his law
firm, defendant Reiner, Reiner & Bendett, P.C., to foreclose on a

mechanic's lien on plaintiff's property held by their client GBS. Thus, because these claims arise out of the same transaction as the state court claims, and as a result it can be said that plaintiff had the opportunity to raise such claims in that proceeding (even if she failed to do so), the doctrine of <u>res judicata</u> precludes her from pursuing them here.

## IV. Anti-Suit Injunction

A review of Magistrate Judge Garfinkel's opinion in plaintiff's 00cv905 case and this District's electronic filing database reveals that plaintiff has instituted over a dozen cases in this District in the last ten years.  At least six of these were brought against the same defendants as defendants in this case and assert the same or substantially similar claims.  See 96cv380, 96cv2590, 98cv2507, 99cv2573, 00cv607, 00cv905.

As the Second Circuit has stated, "[t]he United States Courts are not powerless to protect the public, including litigants . . . from the depredations of those . . . who abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." <u>Martin-Trigona v. Lavien</u>, 737 F.2d 1254, 1262 (2d Cir. 1984) (holding that the district court "had the power and the obligation to protect the public and the efficient administration of justice from plaintiff's litigious propensities").  Additionally, "the traditional standards for injunctive relief,

9

i.e. irreparable injury and inadequate remedy at law, do not apply to the issuance of an injunction against a vexatious litigant.  Where the jurisdiction of the federal courts is in need of protection, we need not await the arrival of a litigant able to show a private entitlement to relief."  Id.

Given that this is at least the seventh action brought by plaintiff in this district against these same defendants, arising out of the same set of facts, asserting identical or substantially similar FDCPA, constitutional, and state law claims, the Court warns plaintiff that initiation of any more lawsuits against these defendants arising out of these facts underlying the present action may be grounds for issuance of a permanent anti-suit injunction against plaintiff.

**V.   Conclusion**

For the foregoing reasons, defendants' Motion to Dismiss [Doc. # 18] is GRANTED.  The Clerk is directed to close this case.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut this 16th day of June, 2006.**